

**ORDERED in the Southern District of Florida on June 02, 2010.**

A. Jay Cristol, Judge
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 10-20733-BKC-AJC |
| ) | |
| HARBOUR EAST DEVELOPMENT, LTD ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### INTERIM ORDER (I) AUTHORIZING, IN PART, THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(C)(2) AND (II) SETTING FURTHER HEARING

This matter came on before the Court on May 20, 2010 at 11:30 a.m. upon the Motion (the "Motion") of Harbour East Development, Ltd. (the "Debtor") for an Order (1) authorizing the use of cash collateral pursuant to 11 U.S.C. § 363(c)(2), and (2) authorizing the recovery of maintenance and preservation expenses from property securing allowed claims pursuant to 11 U.S.C. § 506(c) [D.E. # 33] and 7935 NBV LLC's Objection to the Motion (the "Objection") [D.E. # 47]. The Court having considered the Motion, finding that good and sufficient cause has been shown in support of the relief granted herein, and noting that 7935 NBV LLC agrees to the entry of this Order, it is

ORDERED AND ADJUDGED as follows:

1. The Motion is granted, in part, on an interim basis.

2. The Debtor is authorized to use cash collateral in the form of rental income to pay: (i) all or a portion of two months' condominium assessments of approximately $19,000.00 each, payable when due, to the Cielo by the Bay Condominium Association (the "Association"), (ii) a monthly real estate tax escrow (at the Debtor's discretion), (iii) utilities (such as electrical to run air conditioning) and (iv) ongoing maintenance and repairs (preapproved by NBV in writing) relating to the Condominium Units. The Debtor shall not use any cash collateral to pay any items except as is substantially in accordance with this paragraph.

3. To the extent provided for in this Order, the Association may use Assessments received from cash collateral only in accordance with the Association's pre-approved budget for the months of May and June 2010, a copy of which is attached hereto as **Exhibit "A"**. Any funds remaining after payment of the budgeted expense items ("Surplus Funds") shall not be expended by the Association without the express prior written consent of NBV and/or pursuant to further Orders of this Court. Should the Debtor and NBV disagree on the use of Surplus Funds for certain items designated as essential by Debtor, the Court shall schedule an emergency hearing to consider the dispute.

4. In addition to the existing rights and interests of any entity that is determined to have an interest in the cash collateral ("Cash Collateral Claimants") and for the purpose of providing adequate protection for the use of cash collateral, Cash Collateral Claimants are hereby granted a valid, perfected and enforceable security interest (the "Replacement Liens") upon all post-petition assets of the Debtor which are of the same nature or type as the Collateral in which Cash Collateral Claimants had an interest prior to the commencement of this chapter 11 case (but excluding claims or causes of action of the Debtor or the estate available through the exercise of the powers granted pursuant to sections 506(c), 542, 544, 547, 549, 550, 551 and 553 of the

Code) whether such property was owned on the Petition Date or thereafter created, acquired or arising, and all improvements, additions and extensions thereto, and all replacements thereof in an amount equal to the value of any diminution in the value of the Cash Collateral Claimants interests in the estate's assets as a result of the use of the cash collateral.

5.     The Replacement Liens herein granted shall be valid, perfected, enforceable and effective as of the date of the entry of this Interim Order without any further action by the Debtor or Cash Collateral Claimants , and without the necessity of the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents.

6.     The Debtor's right to use cash collateral under this Order shall commence on the date of the entry of this Order and expire on the earlier of (i) the date of entry of the final order (the "Final Order") granting use of cash collateral, or (ii) July 1, 2010, unless superseded by a final order, or extended by further order of this Court.

7.     The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent Order of this Court. If any or all of the provisions of this Interim Order are modified, vacated or stayed by subsequent Order of this or any Court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority, or benefit.

8.     The provisions of the Interim Order and any actions taken in accordance with the Interim Order shall survive entry of any Order that may be entered: (a) converting this chapter 11 case to a case under chapter 7 of the Code, or (b) dismissing this case.

9.     The entry of this Order is without prejudice to Cash Collateral Claimants seeking a modification or termination of this Order or the further use of cash collateral upon application to this Court on notice to the Debtor and parties in interest, nor is it without prejudice to NBV

asserting additional objections to any further modifications of this Order or further use of cash collateral.

10. Further hearing on the Motion and the Debtor's continued authority to use cash collateral, including the Debtor's request for authority to proceed with capital expenditures as set forth in the Motion, shall be convened on **June 30, 2010 at 2:00 p.m. at the United States Bankruptcy Court, Claude Pepper Federal Building, 51 Southwest First Avenue, Courtroom 1410, Miami, Florida 33130.**

###

Submitted by:
Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Local Counsel to Debtor-in-Possession
100 South East Second Street, 44th Floor
Miami, Florida 33131
Telephone:   (305) 349-2300
Facsimile:    (305) 349-2310

Copy to: Michael L. Schuster, Esq.
(Attorney Schuster is directed to serve a conformed copy of this Order on all parties in interest)

**Cielo by the Bay Condominium Association**
**2 Month Operating Budget**
**USD ($Actual)**

|  | Budget May, 2010 | Budget June, 2010 | 2 month budget |
|---|---:|---:|---:|
| **Receipts** | | | |
| Condo Assessments [1] | 20,939 | 20,939 | 41,878 |
| **Total Receipts** | $ 20,939 | $ 20,939 | $ 41,878 |
| **Disbursements** | | | |
| Alarm Monitoring | 55 | 55 | 110 |
| AC Repair - Elevator Room | 188 | - | 188 |
| Bank Fees | 25 | 25 | 50 |
| Cable/Internet | 450 | 450 | 900 |
| Elevator Inspection | 792 | - | 792 |
| Landscaping | 100 | 100 | 200 |
| Maintenance Personnel | 3,200 | 3,200 | 6,400 |
| Management Company | 500 | 500 | 1,000 |
| Office Expenses | 100 | 100 | 200 |
| Pest Control | 500 | 500 | 1,000 |
| Pool Service | 195 | 295 | 490 |
| Pool Filter | - | 650 | 650 |
| Postage and Delivery | 25 | 25 | 50 |
| Supplies (cleaning and maintenance) | 500 | 500 | 1,000 |
| Telephone | 600 | 600 | 1,200 |
| Utilities Deposits (FPL) | 3,960 | - | 3,960 |
| Utilities - Electric | 2,000 | 2,000 | 4,000 |
| Utilities - Water & Sewer | 1,900 | 2,500 | 4,400 |
| **Total Disbursements** | $ 15,090 | $ 11,500 | $ 26,590 |

**Notes:**

[1] Assessments due from unit owners and developer (for developer owned units) based on 2009 Association budget.