UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

HARBOUR EAST DEVELOPMENT, LTD.,　　　　　Case No. 10-20733-BKC-AJC

　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

**7935 NBV LLC'S OBJECTION TO DEBTOR'S
SUBPOENA FOR PRODUCTION OF DOCUMENTS**

　　　　7935 NBV LLC ("NBV"), a secured creditor of Harbour East Development, Ltd. ("Debtor") and holder by assignment of the first priority mortgage lien interest against Debtor's real property, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), as incorporated and made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016, objects to the Debtor's 2004 Subpoena for Documents (the "Subpoena"), and states as follows:

**GENERAL OBJECTIONS**

　　　　1.　　NBV objects to the requests in the Subpoena, including the definitions, to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, work product doctrine, and any other judicially recognized privilege or immunity.

　　　　2.　　NBV objects to the requests in the Subpoena, including the definitions, to the extent they impose obligations and duties beyond the scope of the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure, as applied and adopted by the Federal Rules of Bankruptcy Procedure.

3.  NBV objects to the requests in the Subpoena, including the definitions, to the extent they seek discovery of documents or information beyond the scope of a Fed. R. Bankr. P. Rule 2004 Examination.

4.  NBV objects to the requests in the Subpoena to the extent they seek discovery of documents not in NBV's possession or that are in the possession of the Debtor or non-parties.

5.  NBV objects to the requests in the Subpoena to the extent that the requests are overly broad, unduly burdensome, vague and/or ambiguous.

6.  Each of these general objections is hereby incorporated by reference into each of the specific objections below.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1**:   All communications between the NBV and Northern Trust relating in any way to the Loan Agreement, including communications related to the Project, the Note, the Mortgage, or Egozi, including but not limited to the assignment of Northern Trust's interest and rights under the Loan Agreement, Note, Mortgage and any related loan documents.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying the loan documents and other documents related to the loan closing and the administration of the loan that were provided by Northern Trust to NBV.  In addition, NBV

2

shall produce any communications between NBV and Northern Trust relating to the amounts due and outstanding on the loan.

**REQUEST NO. 2**:   All documents related to the administration or evaluation of the Loan Agreement, including without limitation all documents related to the Note, Mortgage Egozi, Northern Trust, or the construction loan, including minutes from or notes taken at any meeting among or between NBV, Northern Trust, Egozi, and Harbour East related to the Loan Agreement or the Project.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination. Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc*., 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying the loan documents and other documents related to the loan closing and the administration of the loan that were provided by Northern Trust to NBV. In addition, NBV shall produce any communications between NBV and Northern Trust relating to the amounts due and outstanding on the loan.

**REQUEST NO. 3**:   All documents related to NBV's purchase and acceptance of the assignment of the Note, Mortgage, and related loan documents from Northern Trust including without limitation NBV's analysis of the Project, valuation of the Project, performas for the Project, business plan for the Project, presales of condominium units in the Project, leases of condominium units in the Project, and communications with any person or party relating to the Project or Loan Documents, including but not limited to Northern Trust, CBRE, Integra Realty Resources, Cooper Consulting Engineers, Inc., Peter Zalewski, or Condo Vultures, LLC.

**OBJECTION**:  NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying the loan documents and other documents related to the loan closing and the administration of the loan that were provided by Northern Trust to NBV.  In addition, NBV shall produce any communications between NBV and Northern Trust relating to the amounts due and outstanding on the loan.  NBV shall also produce such documents related to the value of the Property as of the petition date.

**REQUEST NO. 4**:  Any and all documents relating NBV's internal analysis of the United States residential housing, including reports from its staff economists.

**OBJECTION**:  NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re*

*Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

**REQUEST NO. 5**:   Any and all documents relating to NBV's decision to refuse to consent to Harbour East selling condominium units in the Project at less than the release prices set forth in the Loan Agreement.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying responsive written communications between NBV and the Debtor.

**REQUEST NO. 6**:   Any and all documents relating to NBV's decision to refuse to consent to the Harbour East leasing condominium units in the Project.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re*

5

*Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying responsive written communications between NBV and the Debtor.

**REQUEST NO. 7**:   Any and all documents relating to NBV's decision to receive an assignment and purchase the Note and Mortgage subject to all claims and defenses of Harbour East and Egozi.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc.*, 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying the loan documents and other documents related to the loan closing and the administration of the loan that were provided by Northern Trust to NBV.  In addition, NBV shall produce any communications between NBV and Northern Trust relating to the amounts due and outstanding on the loan.

**REQUEST NO. 8**:   Any and all documents relating to NBV's knowledge of claims and defenses of Harbour East and Egozi to the Note and Mortgage.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P.

6

2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc*., 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Subject to and without waiving its general or specific objections, NBV shall produce for inspection and copying the loan documents and other documents related to the loan closing and the administration of the loan that were provided by Northern Trust to NBV.  In addition, NBV shall produce any communications between NBV and Northern Trust relating to the amounts due and outstanding on the loan.

**REQUEST NO. 9**:   Any and all documents relating to the relationship between NBV and Thibault, including but not limited to Thibault's direct or indirect ownership of any interest in NBV and the participation of any corporate officer, principal or shareholder with a controlling interest of Thibault, and the spouse, minor child or agent of such person, in the management of the affairs of NBV.

**OBJECTION**:   NBV re-incorporates its general objections, and further objects to this request as being beyond the scope of a Rule 2004 Examination.  Pursuant to Fed. R. Bankr. P. 2004(b), the scope of examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." (emphasis added) *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y 1991); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988); *In re Table Talk, Inc*., 51 B.R. 143, 144 (Bankr. D. Mass 1985).

Dated: June 25, 2010.	Respectfully submitted,

          **HOLLAND & KNIGHT LLP**
          701 Brickell Avenue
          Suite 3000
          Miami, Florida 33131
          Telephone  (305) 374-8500
          Facsimile   (305) 789-7799
          E-mail: jose.casal@hklaw.com

          By: s/ Jose A. Casal
              Jose A. Casal
              Florida Bar No 767522
              Joaquin J. Alemany
              Florida Bar No. 662380

          -and-

          **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
          200 South Biscayne Boulevard
          Suite 2500
          Miami, Florida 33131
          Telephone  (305) 350 2414
          Facsimile   (305) 351-2242
          E-Mail: mmora@bilzin.com

          By: /s/ Mindy Mora
              Mindy Mora
              Florida Bar No. 678910

          *Counsel to 7935 NBV LLC*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 25th day of June, 2010 via electronic transmission on all CM/ECF registered users for this case and via U.S. Mail on the attached service list.

          By: s/ Jose A. Casal
             Jose A. Casal, Esq.

**SERVICE LIST**

Michael Schuster, Esq.
Heather L. Harmon, Esq.
Genovese Joblove & Battista,
100 S.E. 2nd Street, 44th Floor
Miami, Florida 33131

Paul M Bauch, Esq.
Bauch & Michaels, LLC
53 W Jackson Blvd #1115
Chicago, IL 60606

Paul L. Orshan, Esq.
Paul L. Orshan, P.A.
2506 Ponce de Leon Blvd.
Coral Gables, Florida 33134

Daniel M. Hirschman, Esq.
Brown & Heller, P.A.
One Biscayne Tower, Suite 1570
2 South Biscayne Blvd.
Miami, Florida 33131

Lawrence R. Metsch, Esq.
The Metsch Law Firm, P.A.
20801 Biscayne Blvd., Suite 308
Aventura, Florida 33180

Erica Zaron, Esq.
Assistant County Attorney
2810 Stephen P. Clark Center
111 N.W. First Streeet
Miami, Florida 33128-1993

Elizabeth Lee Beck, Esq.
Beck & Lee Business Trial Lawyers
28 W. Flagler Street, Suite 555
Miami, Florida 33130

Johanna Armengol
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

C. David Tangora, Esq.
C. David Tangora, P.A.
200 S.E. 18th Court
Ft. Lauderdale, FL 33316

# 9543176_v1