

**ORDERED in the Southern District of Florida on January 06, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:

HARBOUR EAST DEVELOPMENT, LTD.,         Case No. 10-20733-BKC-AJC
                                                                                Chapter 11
        Debtor.
_____ /

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S
MOTION TO STRIKE DECLARATION OF BERNARD THIBAULT**

THIS CAUSE came before the Court on November 4, 2010 at 2:00 p.m. upon the *Debtor's Motion to Strike Declaration of Bernard Thibault in Opposition to Debtor's Motion to Approve Leasing of Unsold Units* (the "Motion") [ECF No. 250], and *7935 NBV LLC's Response to the Debtor's Motion to Strike Declaration of Bernard Thibault in Opposition to Debtor's Motion to Approve Leasing of Unsold Units* (the "Response") [ECF No. 281]. The Court, having reviewed the file, submissions of the parties, and having considered the testimony and arguments presented at the hearing and otherwise being duly advised, DENIES the Motion.

## FINDINGS OF FACT

1.	Debtor-in-Possession Harbour East Development, Ltd. (the "Debtor") is the developer and owner of the residential condominium development known as CIELO on the Bay ("CIELO" or the "Property") located at 7935 East Drive in North Bay Village, Florida. CIELO contains 35 residential condominium units of which, as of the commencement of this case, 32 remained unsold.

2.	The Debtor funded construction of CIELO through a construction loan originated by Northern Trust Bank ("Northern Trust") which is secured by a first-priority mortgage and absolute assignment of rents encumbering the Property, rents and proceeds of the Property, and certain other collateral pursuant to that certain Construction Loan Agreement between the Debtor and Northern Trust, together with its successors and assigns dated as of December 28, 2005.

3.	On or about December 31, 2009, Northern Trust sold and assigned its interest in the Construction Loan Agreement and the mortgage to current holder 7935 NBV, LLC ("NBV").

4.	On April 22, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtor has been operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code since the Petition Date.

5.	On August 18, 2010, the Debtor filed its Motion to Approve Leasing of Unsold Units (the "Leasing Motion") [ECF No. 159], and on August 27, 2010, NBV filed its response in opposition to the Leasing Motion. [ECF No. 172]

6.	On September 24, 2010, the Court held an evidentiary hearing on the Leasing Motion (the "Evidentiary Hearing").

7. At the Evidentiary Hearing, NBV presented the live expert testimony of Michael Cannon of Integra Realty as well as the Declaration of Bernard Thibault (the "Declaration") as a *factual* statement in opposition to certain factual allegations asserted by the Debtor in its Leasing Motion.

8. NBV offered the Declaration to provide a factual statement on behalf of NBV by Mr. Thibault as to the personal business reasoning behind why NBV had opposed the leasing of the units at Cielo on the Bay. (Hearing Transcript, 79:17-20, Sept. 24, 2010). The substance and purpose of the Declaration was to refute the Debtor's accusation that NBV's reasoning was arbitrary, capricious and made in bad faith. In this instance, NBV's reasoning is explained through Mr. Thibault as the manager of NBV with personal knowledge of why the decision was made. Mr. Thibault is the person at NBV most familiar with the administration of this case and the Property.

9. In the Declaration, Mr. Thibault explains how based on his personal business experience and as manager of NBV, why NBV did not favor partial leasing of the unsold condominium units. (Declaration, ¶¶ 9, 10)  Mr. Thibault was competent to testify as to his factual and personal reasoning in refusing to permit leasing and to dispel any allegations that he was acting capriciously and in bad faith.

10. In advance of the Evidentiary Hearing, counsel for NBV contacted Debtor's counsel and provided them with a copy of the Declaration and informed them that although Mr. Thibault would be unavailable to testify in person on the day of the Evidentiary Hearing, Mr. Thibault would still be available for deposition during the week leading up to the Evidentiary Hearing.

11. Debtor's counsel elected not to take the deposition of Mr. Thibault prior to the Evidentiary Hearing. At the Evidentiary Hearing, the Court admitted the Declaration into evidence as Exhibit E, subject to the Debtor's forthcoming motion to strike certain *portions* of the Declaration. (Hearing Transcript, 83:1-5, Sept. 24, 2010).

12. On October 12, 2010, the Debtor filed its Motion to Strike Declaration of Bernard Thibault in Opposition to Debtor's Motion to Approve Leasing of Unsold Units (the "Motion"). [ECF No. 250]. Debtor's Motion, however, seeks to strike the entire Declaration presumably on the basis that this Court may not be able to distinguish the Declaration as merely factual non-expert testimony.

13. On November 2, 2010, NBV filed its Response to the Debtor's Motion (the "Response"). [ECF No. 281].

14. On November 4, 2010, the Court held a hearing to consider, in part, the Debtor's Motion and NBV's Response.

## CONCLUSIONS OF LAW

15. The Declaration was properly admitted into evidence at the Evidentiary Hearing as fact testimony pursuant to Rule 602 of the Federal Rules of Evidence.

16. NBV submitted the Declaration as a factual statement solely to refute the Debtor's assertion that NBV's decision to not consent to the Debtor's leasing program was capricious and made in bad faith, and the Court has only considered the Declaration in this context. NBV has not proffered Mr. Thibault as an expert witness. The only qualified expert testimony that the Court is relying on is the live testimony of Michael Cannon of Integra Realty.

17. The Declaration has a proper foundation. As manager of NBV, Mr. Thibault has personal knowledge of the Debtor's Property, the administration of this case, and NBV's reasoning for opposing the leasing of unsold units.

18. NBV's counsel gave adequate notice to Debtor's counsel by providing a copy of the Declaration, advising of Mr. Thibault's unavailability, and offering Mr. Thibault for deposition in advance of the Evidentiary Hearing. Debtor's refusal to take the deposition of Mr. Thibault after having the benefit of reviewing the Declaration was an election made at Debtor's own risk and it does not provide grounds to strike the Declaration.

19. Lastly, NBV submitted the declaration of Mr. Thibault on behalf of NBV, not TMSA. TMSA is not a creditor in this action and Mr. Thibault's relation to TMSA is of no consequence to whether Mr. Thibault can respond to and address, as the manager of NBV, allegations related to NBV's management and business judgment in this case.

However, even upon consideration of the affidavit, the Court is not persuaded by Mr. Thibault's statements and has, by separate order, authorized the leasing of units at Cielo, upon the conditions stated in that order. The Court's order authorizing and permitting leasing contains the findings and conclusions of the Court.

It is

ORDERED AND ADJUDGED that *Debtor's Motion to Strike Declaration of Bernard Thibault in Opposition to Debtor's Motion to Approve Leasing of Unsold Units* is DENIED.

###

Submitted by:

Joaquin J. Alemany, Esq.
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

Tel:    305-374-8500
Fax:    305-789-7799

Copies furnished to:
Joaquin J. Alemany, Esq.

(*Attorney Alemany is directed, pursuant to Local Rule 5005-1, to serve conformed copies of this Order upon the Service List attached to the original motion, immediately upon receipt hereof, and to file a certificate of service with the Court confirming such service.*)